# CHARLES MACRITCHIE ET AL.
## v.
## CITY OF LAKE VIEW.

*Municipal Corporations—Public Work—Contract—Guaranty—Construction—Debt on Bond.*

In an action of debt on a bond to secure the performance of a contract to furnish and lay, for a municipal corporation, an inlet-pipe on the bottom of Lake Michigan, connecting with a system of water works, it is *held:* That the guaranty clause of the contract is not to be so construed as to make the contractors liable for the failure of the work to remain in good condition, by reason of defects in the plan or design, or of the work being done in certain particulars in accordance with the express direction of the city engineer; and that an instruction placing a different construction on the contract is erroneous.

[Opinion filed March 13, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. FREEMAN & WALKER, for appellants.

The so-called warranty, "all of the work to be guaranteed to remain in good condition for one year from date of acceptance," can only apply to the material and workmanship fur-

nished by the contractors. It did not bind them to anything more.

If the court had permitted we should have shown that this was the construction placed upon this language in the specifications by the engineer himself, and that he so informed defendants before they bid on the contract. This was competent evidence, and we excepted to the ruling of the court. We believe we were entitled to this evidence, and that its rejection was error, for which the case should be reversed.

In order to constitute a warranty, the undertaking must enter into and form an essential element in the consideration of the bargain. Adams v. Johnson, 15 Ill. 345.

In this case at bar, the consideration paid was only adequate for the material and workmanship actually furnished. No additional consideration, no premium was paid, by reason of which these defendants insured the design of the work. The essential element of the consideration was the execution of the work according to the design—not the design itself.

It has been held in this State that where an order designates a particular kind of material, as did the contract in the case at bar, if the manufacturer uses the kind of material, the law will not imply a warranty as to its quality or fitness. Shoenberger v. McEwen, 15 Ill. App. 496.

So, in the case at bar, the law will not imply a warranty as to the fitness of the material or design, unless the intention so to warrant is clearly shown.

Whether certain words amount to a warranty is a question of intention, which question may properly be submitted to a jury. Wheeler v. Reed, 36 Ill. 81.

But in the case at bar, instead of submitting this question to the jury, the court instructed the jury that the words in question were, "in fact, a guaranty that the contractors would see that the work would remain in good condition for one year from the date of acceptance."

Now, what constitutes a warranty? No precise form of expression is required. But there must be, first, an affirmation of fact as to the quality or condition of the thing, made at the time of the sale or contract, as an inducement for the pur-

chase or agreement; second, this affirmation must be received and relied on by the purchaser or contractor.   2 Kent Com. 485; Chitty on Contracts, 135; Osgood v. Lewis, 2 Har. & Gil. 495; Hawkins v. Berry, 5 Gilm. 36.

Can it be seriously claimed that the plaintiff here directly or indirectly relied upon the judgment of the contractors in adopting its engineer's designs for this work?   The contract itself shows that Lake View relied upon the judgment of its own trustees and its own engineer, and did not rely upon the contractors at all.   It bound the latter hand and foot.   There was, then, no legal warranty by the contractors of the engineer's designs, at least.   Brown v. Edington, 2 Man. & G. 279.

It is, indeed, open to doubt whether there is a legal warranty by the defendants, even of their own work and material, in view of the fact that the town did not rely on their judgment even for this, but relied wholly upon its own engineer and his inspection and direction.   "For if the thing is specifically selected and ordered, then the purchaser takes upon himself the risk of its effecting its purpose."   Parsons on Cont., p. 588.   In this case the town, by its specific selection of material and design, took upon itself the risk, according to the doctrine of warranty.

"All warranties, however expressed, are open to such construction from surrounding circumstances, and the general character of the transaction, and the established usage in similar cases, as will make the engagement of warranty conform to the intention and understanding of the parties; provided, however, that the words of warranty are neither extended nor contracted in their significance beyond their fair and rational meaning."   Parsons on Cont. 576.

Mr. HERVEY H. ANDERSON, for appellee.

MORAN, J.   This was an action of debt on a bond given to secure the performance of a certain contract entered into by appellants, MacRitchie and Nichol, to furnish and lay on the bottom of Lake Michigan an inlet-pipe, to be connected with

the Lake View waterworks. The condition of the bond, so far as material to the question in this case, is that the contractors "shall in all respects well and truly keep and perform the said contract in accordance with the terms thereof, and the plans and specifications therein referred to, in the times and manner described; and further, shall indemnify, keep and save harmless the town of Lake View from all liabilities * * * damages and expenses in consequence of granting said contract, or which may in anywise result from the carelessness or neglect of said MacRitchie and Nichol, their agents, employes or workmen, in any respect whatever."

By the terms of the contract the contractors were to furnish all the material and do all the work required for the complete construction of an inlet-pipe and crib, together with a branch inlet and intake, to be connected with the well of the waterworks, in accordance with the plans and specifications attached to said contract, and made a part thereof. All material used and all labor performed was subject to the inspection and approval or rejection of said engineer, and he had the right, finally to decide all questions arising as to the proper performance of said work, and the work was to be done under his immediate direction and superintendence.

The specifications described the work, the size and material of the pipe, the flexible joints to be placed therein, and specify the number of pipes to be driven along the line of the pipe at such points as may be directed by the engineer and the number of ball and socket joints to be used on the line of pipe, which was to extend from the shore end 2,000 feet into the lake. The specifications also contained this clause: "All of the work to be guaranteed to remain in good condition for one year from date of acceptance." The engineer of the town drew the plans and specifications, and the work under the contract was entered upon and carried to completion under his actual direction. Twenty flexible ball and socket joints were required by the specifications to be placed on the line of said pipe, but the distance apart or location of said joints was not detailed in any manner, but as the pipe was laid they were placed as the engineer directed, though the location of them was contrary to the judgment of the contractors.

Some months after the work was completed and accepted by the town a break was found in the pipe, and the same was taken up by the town at considerable expense, and to recover the expense so incurred this action is prosecuted on the bond.

On the trial, it was one of appellant's contentions that the break did not occur by reason of any defect in material or workmanship, but was due to defects in the plan and specifications adopted by the town and its engineer, in the lack of a sufficient number of flexible ball and socket joints to enable the pipe to conform itself to the undulations on the bottom of the lake, which was changed by every severe storm, and that the ball and socket joints that were in the pipe were improperly distributed along it, so that at points where, owing to the distance from the shore and the effect of the waves in moving the sand upon the bottom, they should have been placed at short intervals in the pipe, they were, by the direction of the engineer, placed 150 feet apart, and at other points, where not needed, they were placed close together.

It was the theory of the trial court, however, that the guaranty clause contained in the specifications and hereinbefore quoted bound the contractors for any breaks that might occur in the work within one year from its acceptance, even though such break could not be ascribed to bad workmanship or the use of defective or improper materials. The court, at the request of appellee, instructed the jury that the provision in the specifications whereby the contractors guaranteed that the work should remain in good condition for one year, was, in fact, a guarantee not only that the work should be done in the most workmanlike manner, and with proper materials, but that the contractors would further see that it would remain in good condition for one year from the date of acceptance, and refused to instruct, as requested by appellant, that if the evidence showed that the break in the pipe was not owing to any defective workmanship or material in the execution of the contract by appellants, but was owing to defects in the plans devised by the town engineer and adopted by the authorities of the town for the construction and laying of said pipes, the plaintiff could not recover.

Is the guaranty clause to be so construed as to make the contractors liable for the failure of the work to remain in good condition by reason of defects in the plan or design, or by reason of the work being done in certain particulars in accordance with the express directions of the engineer?

Ordinarily a contractor who agrees to do work according to the plan and under the direction of an engineer or architect, is not understood to insure the sufficiency of the plan, nor undertake as to the scientific correctness of the specifications or the verbal or written directions. His own skill and the skill and fidelity of his workmen, as well as the sufficiency of the material which he supplies, he is bound for, and there is nothing unreasonable in requiring a guaranty in such a contract that the workmanship and the material furnished by him should stand the test for a certain period of time after the completion and acceptance of the work; but it would certainly be regarded as most extraordinary to find that a contractor had undertaken to warrant the perfection of a plan which is designed by the person for whom he is to do the work, or the wisdom of directions given during the progress of the work by one whom he can not control, but whose orders in the execution of the work he is, by the terms of the contract, bound to obey. Contracts must receive a just and reasonable interpretation.

The guaranty clause in the contract in question must be construed in connection with the entire agreement, and regard must be had to the undertaking of the contractors. True, it is within the power of appellants to insure the plans of the engineer, and to guarantee the work for a year against all defects, whatever their origin; and if such was their intention, as found from the terms of the contract, they will be bound; but before such an unreasonable construction is given to the undertaking it must clearly appear from the language of the instrument, considered in connection with the subject-matter, that such was their true understanding and intention.

We perceive nothing in the situation of the parties, or in the subject of the contract, which leads us to conclude that such was the intention, and an interpretation which is just and fair may be given to the whole agreement without giving to

the guaranty clause what seems to us to be the singular and unreasonable effect contended for by appellee.

The guaranty that the work should remain in condition, must be applied and limited to the work which appellants had done and the materials which they had furnished, so as to make appellants liable for injuries that might arise from defects therein. All material used and all work done was, by the terms of the contract, subject to the inspection of the engineer; and such being the case, in the absence of the clause in question, and unless some fraud and concealment was shown, the acceptance of the work done and the material furnished under the engineer's inspection, would have been conclusive as to its quality, as between the parties. The effect of the guaranty was to make appellants responsible for defects in workmanship or material that might affect the condition of the work within a year after acceptance.

The court erred in giving the instruction for plaintiff which was an interpretation to the guaranty clause, differing from that here indicated as correct, and in refusing defendant's instruction. For such error the judgment must be reversed and the cause remanded.

*Reversed and remanded.*