CITY OF NEW YORK v. PENNSYLVANIA STEEL CO.

(Circuit Court of Appeals, Second Circuit. June 27, 1913.)

No. 263.

CONTRACTS (§ 205*)—WARRANTY—PURPOSE INTENDED.

Plaintiff contracted to furnish the steel work for a cantilever bridge across the East River in New York City at specified prices on poundage of steel furnished. The city furnished the plans and stress sheets for the bridge with the loads originally contemplated; also a loading key, by which the stresses on each truss by reason of the live loads could be computed per linear foot; the contract requiring that plaintiff should build, construct, finish, and complete the work according to the plans and specifications, numbered, etc., and in accordance with such further details and instructions as the engineer might from time to time furnish, approve, or issue to insure the thorough completion of the work in the most efficient manner. The specifications required that the steel work should be so apportioned as to carry, in addition to its own weight, certain specified loads of live weight. The city subsequently desiring to add two elevated railway tracks, a supplemental contract was entered into, by which plaintiff agreed to furnish the additional steel at the prices provided in the original contract. *Held* that, plaintiff having furnished the steel and constructed the bridge in strict conformity to the specifications, there was no guaranty on its part that the trusses would not be overstrained if subjected to the live loads provided for in the specifications, and it was therefore nö defense to the city's liability for the balance of the price that such would be the fact.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 878, 905; Dec. Dig. § 205.*]

In Error to the District Court of the United States for the Southern District of New York.

Action by the Pennsylvania Steel Company against the City of New York. Judgment for plaintiff, and defendant brings error. Affirmed.

Archibald R. Watson, Corp. Counsel, of New York City (T. Farley and Francis Martin, both of New York City, of counsel), for plaintiff in error.

Curtis, Mallet-Prevost & Colt, of New York City (Howard Taylor, Wm. Edmond Curtis, and Henry A. Stickney, all of New York City, of counsel), for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. This case arises out of a contract between the city and the Pennsylvania Steel Company for the erection of the steel superstructure of the cantilever bridge across the East River at Blackwells Island, known as the Queensborough Bridge. The Steel

Company, the contractor, was to be paid at various rates on poundage of steel furnished. The final certificate called for by the contract was filed with the comptroller, showing a balance due of $183,464.41.

The original contract is dated November 20, 1903. The specifications, which are made a part of it, provide that the steel work shall be so proportioned as to carry, in addition to its own weight and the weight of the floor of the bridge, which together make the dead weight of the bridge, certain specified loads of live weight. Subsequently the city, desiring to add two elevated railway tracks on the second floor of the bridge, entered into a supplemental contract with the Steel Company, dated December 15, 1904, whereby the Steel Company agreed to furnish additional steel at the prices provided in the original contract. The bridge was completed to the satisfaction of the bridge commissioner and the city engineer and is now in use by the city. There is no question as to workmanship, material, and conformity to the working drawings.

The city refuses to pay the balance admitted in the final certificate, and pleads large counterclaims on the ground that certain members of the trusses will be overstrained if subjected to the live loads provided for in the specifications. The testimony of the experts on both sides indicates that this is so. The city contends that the Steel Company guaranteed these results. Judge Holt directed a verdict in favor of the Steel Company for the unpaid balance of the contract price, dismissed the city's counterclaims, and left the question of certain extra work to the jury. We think he was right. The Steel Company made no such guarantee. The city furnished the original plans and stress sheets for the bridge with the loads originally contemplated; also a loading key by which the stresses on each member of the trusses by reason of the live loads could be computed per linear foot. The contract provided:

"The contractor shall build, construct, finish, and fully complete the whole of the work in a manner described and shown in the specifications and by the accompanying plans and drawings, numbered 4347–4370, and in accordance with such further details and instructions as the engineer may from time to time furnish, approve, or issue for the purpose of insuring the thorough completion of the work in the most efficient manner."

This the Steel Company did. If the result did not accomplish the city's expectation as to the effect of certain loads upon the bridge members, it was through no fault of the Steel Company. The city had and exercised entire control of the subject, and the Steel Company has scrupulously conformed to its requirements. We think the case falls within MacKnight Flintic Stone Co. v. City of New York, 160 N. Y. 72, 54 N. E. 661, MacRitchie v. City of Lake View, 30 Ill. App. 393, and Filbert v. City of Philadelphia, 181 Pa. 530, 37 Atl. 545.

The judgment is affirmed, with costs.